Bell, J.,
dissenting. I agree with the majority opinion that “a purchaser of a business who fails to comply with the sales tax statutes relating to the sale of an entire business is personally liable for taxes accrued during the operation of the business by the seller,” and that “in the case before us such assessment was an official determination of the taxes owed by the sellers.” However, the following sentence is, in my opinion, a non sequitur: “Thus in such an action against a purchaser, such finding, although not conclusive, is certainly sufficient to constitute prima facie evidence of the amount due in taxes from the purchaser because of his personal liability for taxes accrued during the seller’s ownership.”
Section 5546-9a, General Code (Section 5739.13, Revised Code), quoted in the majority opinion, is the only section with which we are concerned in which there is even mention of an assessment. Being purely a creature of statute, the assessment must be limited to the character and breadth given to it by statute.
A careful reading of Section 5546-9a shows that it is exclusively limited to the relationship between the Department of Taxation and the vendor who fails to cancel the stamps and pay the tax. But even as against such vendor, the assessment does not take on the conclusiveness of a judgment until the vendor has had 30 days notice and the opportunity to file a petition of protest and an opportunity to be heard thereon. In this *586 entire section there is no mention of the position of a subsequent purchaser of the business.
Section 5546-9S, General Code (Section 5739.14, Eevised Code), on the other hand, does deal with the subsequent purchaser and nowhere in that section is any mention made of an assessment. This section imposes a liability for the taxes due. Had the General Assembly intended no distinction between the relationship of the Department of Taxation and an offending vendor and that between the department and a subsequent purchaser, would it not have used the same, or even similar, language in delineating the responsibility of each?
The subsequent purchasers here were afforded none of the safeguards given to the original vendors by way of contesting the assessment. This action was started in June 1949, more than three years after the assessment was made. It came on for trial on September 16, 1953, more than seven years after the assessment. Yet the assessment against the vendors was not filed with the clerk of courts of Scioto County until September 14, 1953, two days before trial. The time had long since passed during which the vendors were obliged to keep records as required by Section 5546-12, General Code (Section 5739.11, Eevised Code). To give this assessment against the vendors even the status of a prima facie showing of the amount owed by the subsequent purchasers works a hardship on the latter which, in my opinion, was not within the legislative contemplation or intent.
The duty imposed by statute on the subsequent purchasers is to pay the “taxes, interest and penalties accrued and unpaid on account of the operation of the business by the former owner.” It does not impose a duty upon them to defend against an assessment which was not made against them, of which they had no notice and against which they had had no opportunity to protest. If pay they must, let it be after the state has adduced in evidence the basic facts from which it can be determined whether there are taxes due and unpaid, and if so how much.
Stewart and Taft, JJ., concur in the foregoing dissenting opinion.